HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL A. STOKES, a single man,

                    Plaintiff,

    v.

ANNIE'S RVs LLC, a Washington Limited
Liability Company; ANN WHITE and JOHN
DOE WHITE, wife and husband and the
marital community composed thereof;
FOREST RIVER, INC., a foreign business
entity; RED CANOE CREDIT UNION, a
Washington financial institution; UNITED
STATES WARRANTY E.S.P.
CORPORATION, a foreign corporation; RV
TRANSPORT INC., a foreign corporation;
and WESTERN SURETY COMPANY a
foreign insurance company,

                    Defendants.

Case No.  3:20-cv-05974-BHS

**DEFENDANT RV TRANSPORT INC.'S
OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND ACTION TO
SUPERIOR COURT**

# I. INTRODUCTION

Plaintiff sued RV Transport, Inc., an Indiana-based motor carrier, for allegedly damaging a used RV he bought in Washington during its carriage for delivery in Oregon, claiming damages "in excess of $30,000."  Plaintiff's claims are entirely pre-empted by the Carmack Amendment, which provides an exclusive federal cause of action for damage to cargo in interstate carriage.  RV Transport approached plaintiff weeks before its removal deadline, notifying plaintiff that it would

1    avail itself of its right to remove unless it was dismissed prior to the deadline.  It turned out plaintiff

2    was motivated to avoid the federal forum, and when RV Transport prompted plaintiff to allow its

3    stipulated dismissal such that removal was not necessary, plaintiff agreed.  But stipulated dismissal

4    was blocked when co-defendant Annie's RV objected to preserve its own Carmack cross-claims

5    against RV Transport.  Faced with an expiring removal deadline, no dismissal, no binding waiver

6    of its right to remove, and the need to mount a merits defense, RV Transport removed to this Court.

7         Plaintiff seeks remand, asserting its claims against RV Transport were settled prior to

8    removal and the court lacks subject matter jurisdiction.  But RV Transport did not contract away

9    its right to remove and, even if it had, its purpose of avoiding the expenses of litigation through

10   dismissal was utterly frustrated by Annie's objection.  The Court's determination of its jurisdiction

11   on removal is controlled by the state court record at the time of removal, and the state court record

12   reflects a disputed, removable Carmack claim within this Court's jurisdiction.  Accordingly,

13   remand of this case is unwarranted.  And if the Court does ultimately grant plaintiff's motion, it

14   should do so without awarding fees or costs.

15                          **II. BACKGROUND**

16        Plaintiff Randall Stokes purchased a used RV from defendant Annie's RVs in Washington

17   and alleges it was damaged prior to its delivery to him in Oregon.  Stokes alleges damage may

18   have occurred during transport and that he subsequently discovered a laundry list of alleged defects

19   with the RV.  He seeks relief on a laundry list of state claims against RV Transport, the RV's

20   manufacturer, Annie's, Annie's owners, and various financial services companies and sureties.

21        There is no dispute that RV Transport carried the RV by truck from Annie's in Vancouver,

22   Washington to Stokes's designated place of delivery in Lebanon, Oregon.  The facts alleged as to

23   RV Transport are (1) that RV Transport transported the RV from Washington to Oregon; (2) that

24   plaintiff acknowledged delivery on the bill of lading RV Transport issued related to this carriage;

25   and (3) after signing the bill of lading, Stokes allegedly attempted to refuse delivery on the basis

26   of a "sizeable crack on the exterior of the vehicle" but RV Transport left the RV with him.  (Compl.

27

DEFENDANT RV TRANSPORT INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND ACTION TO SUPERIOR COURT (3:20-
cv-05974-BHS) - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

¶¶ 4.8-4.12.)  Plaintiff also alleges that a "man named John" who lives near him speculated that RV Transport's carriage could have contributed to the alleged damage by exposing a pre-existing "failed weld" in the RV's frame to stress during transport.  (Compl. ¶¶ 4.25-4.26.)  Stokes asserts various causes of action  (*See* Compl. ¶¶ 5.1-5.52.)  RV Transport denies it damaged Stokes's RV.  (ECF No. 9 at 16-25 (RV Transport's Answer and Affirmative Defenses).)

RV Transport was served with the summons and complaint on September 2, 2020, and identified that Stokes's claims were pre-empted by federal law under the Carmack Amendment.  Stokes's pleaded claims indicated he had not identified the federal nature of his claims, so RV Transport contacted Stokes to notify him that it would remove if RV Transport was not promptly dismissed.  RV Transport emphasized that time was of the essence, noting:

> Key here is that removal is on a 30-day clock from date of service, and cannot be tolled by agreement of the parties.  Accordingly, we request your client's substantive responsive as soon as possible.

(Huggler Decl. Ex. A at 2.)  Plaintiff's counsel did not respond to this correspondence.  (Huggler Decl. ¶ 2.)

About a week before the removal deadline, counsel for RV Transport again prompted Stokes on the possibility of an early dismissal.  It turned out Stokes was motivated to avoid federal court jurisdiction, and ultimately RV Transport stated that in light of the impending removal deadline:

> RV Transport again proposes that your client stipulate to the dismissal of RV Transport with prejudice, without fees or costs to any party, and with no further conditions whatsoever.  If your client agrees today **we will promptly circulate a dismissal**.  If we do not hear from you RV Transport will proceed accordingly.

(ECF No. 11-1 at 2 (emphasis added).)  RV Transport's proposal was in accord with Washington state procedure, where a defendant can be dismissed by motion or by stipulation of all parties who have "appeared."  Wash. Super. Ct. Civ. R. 41(a).  By October 1, 2020, Annie's and several other defendants had appeared, although no other defendant had filed an answer within the time provided by rule.  *See* Wash. Super. Ct. Civ. R. 12(a)(1) (defendants must answer within 20 days of service

133411.0001/8253150.2
DEFENDANT RV TRANSPORT INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND ACTION TO SUPERIOR COURT (3:20-
cv-05974-BHS) - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

of the summons and complaint). Accordingly, RV Transport's proposal of a stipulated dismissal was the sole means of dismissing by the removal deadline and inherently presumed the consent of the other defendants, who had not indicated any claims against RV Transport.

Plaintiff's counsel's response was "[y]ou win; we will agree to dismiss your client with prejudice. Please send me your release and my client will sign it." (ECF No. 11-1 at 4.) RV Transport had made no mention of a release, and in acknowledging plaintiff's response noted it would circulate papers "shortly." (ECF No. 11-1 at 6.)

RV Transport immediately drafted a stipulation of dismissal with prejudice and requested the other defendants consent to its filing. Annie's RV objected that it would not stipulate to dismissal with prejudice in order to preserve a potential cross-claim against RV Transport.[1] (Huggler Decl. ¶ 4.) Stokes's motion neglects to include the party's subsequent correspondence, including that RV Transport promptly informed Stokes that dismissal would not be possible, stating:

> Regrettably, we've received an objection from Annie's RV to RV Transport's stipulated dismissal with prejudice, on the basis of a need to preserve potential cross claims. Those claims would likewise fall under Carmack, and the objection renders our efforts here moot. RV Transport anticipates filing a notice of removal before close of business Friday.

(Huggler Decl. Ex. B at 3.) RV Transport removed the next day and this motion followed.

### III. ARGUMENT

### A. The Court Has Original Subject Matter Jurisdiction Over This Carmack Claim and Its Jurisdiction is Proper

"In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988). Here, the complaint shows claims within

---

[1] Annie's has subsequently filed its threatened cross-claim, invoking the Carmack Amendment as the basis for its claim.

133411.0001/8253150.2
DEFENDANT RV TRANSPORT INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND ACTION TO SUPERIOR COURT (3:20-
cv-05974-BHS) - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1    this Court's original jurisdiction, giving this Court jurisdiction over the case and rendering removal

2    proper.  28 U.S.C. § 1441(a).

3         RV Transport is an interstate motor carrier whose liability for interstate cargo carriage is

4    exclusively governed by the Carmack Amendment.   49 U.S.C. § 14706.   "The Carmack

5    Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to

6    deliver or damage to property"  *Hall v. N. American Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir.

7    2007).  Both shippers and consignees are bound by its provisions.  S*ee, e.g., Pacific Indem. Co. v.*

8    *Atlas Van Lines, Inc.*, 642 F.3d 702, 705 (9th Cir. 2011) (applying Carmack without comment to

9    claim by owners of home goods cargo); *Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F. Supp.

10   2d 1130, 1136 (C.D. Cal. 2002) ("Congress intended the Carmack Amendment to be the sole

11   remedy for property lost or damaged during shipment.").  The Carmack Amendment preempts all

12   state causes of action seeking relief for alleged "delay, loss, failure to deliver or damage to

13   property" in interstate carriage.  *Hall*, 476 F.3d at 687-89.

14        Carmack preemption is complete preemption, and removal does not require a Carmack

15   claim be affirmatively pleaded under the "well-pleaded complaint" rule where the pleaded facts

16   establish a basis for preemption.  *Hall*, 683 F.3d at 687-89.  Here, plaintiff asserts negligence,

17   breach of contract, violations of state auto dealer, UCC, and consumer protection acts, a state law

18   claim against a surety bond, rescission, and breach of warranties as causes of action.  (*See* Compl.

19   ¶¶ 5.1-5.52.)  The only conceivable basis for RV Transport being included as a defendant is to

20   press a claim that RV Transport caused or contributed to damage of the RV during transport.  Such

21   a claim can only be brought as a Carmack claim, and therefore all of plaintiff's pleaded claims are

22   preempted.  Stokes's motion does not challenge that Carmack governs his claims against RV

23   Transport.

24        The Court's original jurisdiction over a Carmack claim requires an amount in controversy

25   of $10,000.  28 U.S.C. § 1445(b).  Stokes alleges general damages in excess of $30,000, meeting

26   that threshold on the face of his complaint and making the operative complaint removable.

27

133411.0001/8253150.2

DEFENDANT RV TRANSPORT INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND ACTION TO SUPERIOR COURT (3:20-
cv-05974-BHS) - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1    (Compl. ¶ 5.40.)  *See Hall*, 476 F.3d at 689 ("For removal purposes, the amount of damages sought

2    in the complaint controls.")

3         For these reasons, Stokes's complaint established both a federal question under Carmack

4    and met the amount-in-controversy threshold, and removal was proper on the pleadings.

5    **B.    Stokes and RV Transport Did Not Form a Settlement That Resolved Stokes's Claims
         Against RV Transport to a Legal Certainty, Leaving a Live Controversy at the Time
6        of Removal**

7         Stokes asserts his claim against RV Transport was settled the day before removal and

8    therefore RV Transport's removal was improper because no removable claim remained.  But the

9    parties' exchanges do not show RV Transport entered an agreement that contracted away its right

10   to remove, or, at worst, that any agreement the parties had was thoroughly frustrated by Annie's

11   subsequent objection to dismissal.  Accordingly, a live dispute remains between the parties and

12   removal was proper.

13        A settlement agreement is a contract, and like all contracts formation requires an offer,

14   acceptance, and an exchange of consideration.  *Veith v. Xterra Wetsuits, L.L.C.*, 183 P.3d 334, 337

15   (Wash. Ct. App. 2008).  Here, RV Transport did not propose giving anything up for dismissal—

16   rather, it presented that by being dismissed plaintiff could avoid removal.  Put differently, RV

17   Transport did not offer to exchange its *right to remove* for dismissal, but rather that Stokes's

18   prompt voluntary dismissal would obviate the *need* for removal.  In the language of contracts, RV

19   Transport did not offer to make "any act, forbearance, creation, modification or destruction of a

20   legal relationship, or return promise given in exchange" for Stokes's agreement to dismiss it, and

21   therefore no enforceable settlement was ever formed, leaving the claims in the complaint live at

22   the time of removal.  *Huberdeau v. Desmarais*, 486 P.2d 1074, 1078 (1971).

23        Second, the parties' exchanges show Stokes and RV Transport did not have a "meeting of

24   the minds" on the essential terms of an agreement.  *See Evans & Son, Inc. v. City of Yakima*, 149

25   P.3d 691, 694 (Wash. Ct. App. 2006) ("Settlement agreements are contracts. * * *.  A valid

26   contract requires a meeting of the minds on the essential terms.").  RV Transport proposed to

27

1   "promptly circulate a dismissal" if plaintiff would agree to dismiss, emphasizing the upcoming

2   removal deadline.   The essential term of any agreement would therefore be achieving RV

3   Transport's *actual dismissal with prejudice* to avoid any possible forfeiture of a federal forum by

4   operation of the removal deadline.   But Stokes's response shows he understood things

5   differently—his response proposed a *release of claims* in exchange for forfeiture of RV

6   Transport's right to remove, something RV Transport had not offered and which might not result

7   in RV Transport's dismissal.

8          This misalignment might not have made a practical difference without objections from

9   other parties, because Stokes would presumably have executed a stipulated dismissal if presented

10   to him.   But Annie's objection revealed the mismatch between the parties' understanding of the

11   situation.   The lack of agreement is reinforced by Stokes's counsel's later assertion that "[s]ince

12   no other defendants had answered the complaint, you did not [need] a stipulation."   (Huggler Decl.

13   Ex. B at 1.)   *See* Wash. Super. Ct. Civ. R. 41(a)(1)(A) (requiring "all parties who have appeared"

14   so stipulate in writing"); Wash. Super. Ct. Civ. R. 70.1(a) ("An attorney admitted to practice in

15   this state may appear for a party by serving a notice of appearance."); *see also* Wash. Super. Ct.

16   Civ. R. 4(a)(3) (notices of appearance shall be in writing, signed by a defendant or their counsel,

17   and served).   This shows RV Transport and Stokes had fundamentally different understandings of

18   RV Transport's proposal and its legal import.   "A valid contract requires the parties to objectively

19   manifest their mutual assent to all material terms of the agreement."   *P.E. Sys., LLC v. CPI Corp.*,

20   176 Wash. 2d 198, 209, 289 P.3d 638, 644 (2012).   Here, Stokes and RV Transport did not manifest

21   such an agreement, there was no settlement, and the state court records establishes this Court's

22   jurisdiction.

23          Finally, even if the parties had formed a settlement agreement, Annie's objection rendered

24   the purpose of the alleged agreement entirely frustrated.   *See Felt v. McCarthy*, 898 P.2d 315, 317

25   (Wash. Ct. App. 1995) (recognizing Washington's adoption of principle that "[w]here, after a

26   contract is made, a party's principal purpose is substantially frustrated without his fault by the

27

133411.0001/8253150.2
DEFENDANT RV TRANSPORT INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND ACTION TO SUPERIOR COURT (3:20-
cv-05974-BHS) - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged"). Here, RV Transport sought to avoid the expense of litigating what it considers frivolous claims by obtaining a final judgment of dismissal.[2] If the Court holds there was a settlement agreement, RV Transport's fundamental purpose for entering it was to avoid the expense of additional litigation. (*See* Huggler Decl. Ex. A (stating in its first correspondence with Stokes that it sought to resolve any claim Stokes could substantiate "[r]ather than go through the expense and disruption of removal and motion practice").) When Annie's objected to dismissal, that purpose was entirely frustrated (and Stokes's stipulation to any dismissal became a nullity). As a result, any asserted contractual obligation RV Transport had to forgo removal was discharged.

For the reasons above, Stokes and RV Transport were (and are) parties to a dispute within this Court's removal jurisdiction and the Court should not remand for lack of subject matter jurisdiction. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (the plaintiff's pleaded claims control the jurisdictional inquiry on removal unless "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed").

## C.   If the Court Remands, It Should Not Award Fees or Costs

Even if the Court determines removal was defective because the parties' exchanges conclusively establish there were no remaining claims between Stokes and RV Transport on the date of removal, the Court should decline to award fees and costs. "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*,

---

[2] The bill of lading Stokes signed in the course of delivery included a waiver of damage claims prominently positioned directly above Stokes's signature that states "RECEIVED the above described property in good condition except as noted and agree to the contract terms and conditions of this Bill of Lading. NOTICE: THIS IS A RELEASE TO CARRIER FOR ALL DAMAGES AND SHORTAGES UNLESS NOTED HEREON. NO CLAIMS FOR ANY LOSS, DAMAGE, INJURY OR DELAY WILL BE PAID UNLESS ALL LAWFUL CHARGES HAVE BEEN PAID TO THE CARRIER." (ECF No. 1 at 14.) Stokes left the section allocated for noting damage to goods blank.

133411.0001/8253150.2
DEFENDANT RV TRANSPORT INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND ACTION TO SUPERIOR COURT (3:20-
cv-05974-BHS) - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)).

Here, there is no question plaintiff's pleaded claims were removable but for the ambiguous exchanges between Stokes and RV Transport. When Annie's objected to dismissal, RV Transport had to act promptly or forfeit a federal forum. *See* 28 U.S.C. 1446(b) (30-day removal deadline). RV Transport could not obtain the consents that were necessary to actually dismiss (rendering any stipulation by Stokes a nullity), it was objectively reasonable for RV Transport to assess it had not contracted away its right to remove and the controversy between the parties remained live. Accordingly, even if the Court agrees that the claims by Stokes against RV Transport were settled and the Court lacks jurisdiction as a result, the Court should remand with all parties to bear their own fees and costs.

## IV. <u>CONCLUSION</u>

For the reasons set out above, the Court should deny plaintiff's motion to remand. If the Court does remand, it should not award fees and costs to plaintiff.

DATED: November 16, 2020

LANE POWELL PC


By:    s/  Hans N. Huggler
    Hans N. Huggler, WSBA No. 51662
    1420 Fifth Avenue, Suite 4200
    Seattle, Washington 98111-9402
    Telephone:  206.223.7000
    hugglerh@lanepowell.com
    Attorneys for Defendant RV Transport Inc.

133411.0001/8253150.2
DEFENDANT RV TRANSPORT INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND ACTION TO SUPERIOR COURT (3:20-
cv-05974-BHS) - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1
2

## CERTIFICATE OF SERVICE

3

I hereby certify that on this 16th day of November, 2020, I electronically filed the foregoing

4

Defendant RV Transport Inc.'s Opposition to Plaintiff's Motion to Remand Action to Superior

5

Court with the Clerk of the Court using the CM/ECF system which will send notification of such

6

filing to the following:

7
8
9
10

Eugene N. Bolin, Bar No. 11450
Law Offices of Eugene N. Bolin, Jr., PS
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
E-mail:  eugenebolin@gmail.com
Phone:  425.582.8165
        *Attorney for Plaintiff*

William T. Cornell, Bar No. 18867
PREG O'DONNELL & GILLETT PLLC
901 Fifth Avenue, Suite 3400
Seattle, WA  98164
E-mail:  wcornell@pregodonnell.com
Phone:  206.287.1775

11
12
13
14
15

A. Elizabeth Esfeld, Bar No. 55895
PREG O'DONNELL & GILLETT PLLC
222 SW Columbia St., Suite 650
Portland, OR  97201
E-mail:  aesfeld@pregodonnell.com
Phone:  503.224.3650
*Attorney for Defendants Annie's RVS, LLC
and Ann White*

16
17
18
19
20

Peter Nierman, Bar No. 44636
Merrick, Hofstedt & Lindsey, P.S.
3101 Western Avenue, Suite 200
Seattle, WA  98121-3017
E-mail:  pnierman@mhlseattle.com
Phone:  206.682.0610
*Attorney for Defendant Forest River, Inc.*

Mark Rosencrantz, Bar No. 26552
Carney Badley Spellman
701 Fifth Avenue, Suite 3600
Seattle, WA  98104-7010
E-mail:  rose@carneylaw.com
Phone:  206.622.8020
*Attorney for Defendant United States
Warranty E.S.P. Corporation*

21
22
23
24
25
26

Paul K. Friedrich, Bar No. 43080
Williams Kastner
601 Union Street, Suite 4100
Seattle, WA 98101-2380
E-mail:  pfriedrich@williamskastner.com
Phone: 206.233.2979
*Attorney for Defendant Western Surety
Company*

_____
Elizabeth Pinkley

27

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107