THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL A. STOKES, a single man,                )
                                                )
                              Plaintiff,         )
                                                )
            v.                                   )
                                                )
ANNIE'S RVs LLC, a Washington Limited            )
Liability Company; ANN WHITE and JOHN            )
DOE WHITE, wife and husband and the              )
marital community composed thereof;              )
FOREST RIVER, INC., a foreign business           )
entity; RED CANOE CREDIT UNION, a                )
Washington financial institution; UNITED         )
STATES WARRANTY E.S.P.                           )
CORPORATION, a foreign corporation; RV           )
TRANSPORT INC., a foreign corporation;           )
and WESTERN SURETY COMPANY a                     )
foreign insurance company,                       )
                                                )
                              Defendants.         )
_____         )

Case No. 3:20-cv-05974-BHS

**Defendant RV Transport Inc.'s
MOTION FOR SUMMARY
JUDGMENT**

NOTE ON MOTION CALENDAR:
September 17, 2021

## I. **INTRODUCTION**

This is a case about a used RV.  Plaintiff Randall Stokes bought an RV from Annie's RVs in Vancouver, Washington.  RV Transport Inc., a federally-regulated interstate motor carrier, transported the RV from Washington to Stokes's delivery location in Lebanon, Oregon.  Stokes alleges the RV is damaged or defective in numerous ways, including a crack and bulge in the RV's exterior wall which he alleges may have occurred during transit.  On this basis he named RV Transport as a defendant on a host of state law claims (none of which expressly blame RV Transport for the damage at issue).

DEFENDANT RV TRANSPORT INC.'S MOTION FOR
SUMMARY JUDGMENT- 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

Every claim Stokes has pleaded is preempted by the Carmack Amendment, the federal statute that provides the exclusive cause of action for interstate cargo damage claims. Stokes's state-law claims should be dismissed with prejudice and he should not be permitted to replead with Carmack claims. Stokes has been on notice of the inevitable preemption of his claims for seven months and the deadline to amend has passed. Moreover, amendment would be futile as the bill of lading Stokes executed upon delivery of the RV bars claims as a matter of law. For these reasons, RV Transport is entitled to summary judgment and the dismissal of Stokes's action against it with prejudice.

## II. BACKGROUND

### A. Procedural History.

Stokes filed suit in the Washington Superior Court for Clark County on August 31, 2020. RV Transport removed based on Carmack Amendment preemption and this Court's jurisdiction over federal questions. (ECF No. 1.) Stokes initially moved to remand but subsequently conceded jurisdiction. (ECF No. 20 (order denying remand motion as moot).)

### B. Allegations and Plaintiff's Evidence.

On June 23, 2020, RV Transport transported the RV from Annie's in Vancouver, Washington to Stokes' designated delivery point in Lebanon, Oregon under a bill of lading. The entirety of the facts Stokes alleges as to RV Transport are (1) that it transported the RV from Washington to Oregon; (2) that plaintiff signed the bill of lading as consignee accepting delivery of the RV (Exhibit A); and (3) after signing the bill of lading, Stokes attempted to refuse delivery on the basis of a "sizeable crack on the exterior of the vehicle" but RV Transport's driver left the RV with him. (Compl. ¶¶ 4.8-4.12.) Stokes also alleges that a "man named John" who lives near him speculated that RV Transport's carriage could have contributed to the alleged damage by exposing a pre-existing "failed weld" in the RV's frame to stress during transport. (Compl. ¶¶ 4.25-4.26.)

Stokes was deposed on May 7, 2021, and June 18, 2021. During the May 7 deposition, he testified that upon delivery, the truck driver presented him with the bill of lading and stated "it was for a delivery receipt; that it was for verification of who I was and that he had delivered it to the right person, to the right address." (Exhibit B at 68:3-8.) Stokes testified that he did not read the document and signed and returned it to the driver, after which he directed the driver as

DEFENDANT RV TRANSPORT INC.'S MOTION FOR
SUMMARY JUDGMENT- 2

to where to place the RV.  (Ex. B at 68:9-24, 69:16-23.)  At some point Stokes identified the crack and attempted to refuse the delivery, but asserts the driver disregarded him, dropped the trailer, and left.  (Ex. B at 69:10-15.)  In his June 18, 2021, testimony, Stokes told a somewhat different story, asserting that the driver first positioned the trailer in its final location, then presented the bill of lading and told Stokes that "[y]ou just need to sign it that it says I delivered it" and that Stokes did not "have to worry about what all it says."  (Exhibit C at 77:9-22.)

At his deposition Stokes only identified the cracked wall and accompanying bulge as transport damage and conceded that the other alleged issues with the RV were not transport-related.[1]  (Ex. C at pp. 81-85.)

On July 6, 2021, Stokes disclosed Tamara Shoemaker as an expert witness. Ms. Shoemaker asserts expertise from years of experience in the RV industry.  (Exhibit D.)  As to the cause of the "slide out crack" Ms. Shoemaker states:

> [T]his is not an unknown occurrence.  I suspect there is a structural issue behind the wall related to the slide.  Also the report of bulging sidewall would also lead one to believe something has broken loose in the sidewall framework.
>
> * * * *
>
> Generally the causes are framework separated, metal fatigue, little to no expansion joints, or poor workmanship.  The sidewall bulge could also be a separate issue and indicate a completely different problem – such as a water leak from the roof.  I would not lean that direction due to the age of the RV and the odds of that happening in the same area.  If there was such an extreme water leak the area would most likely be visible from the roof and rot around the bottom of the overhang area.  You would also possibly notice soft flooring on the inside against that area.  The leak would have to have been ongoing for some length of time.
>
> This issue can happen at any time.  It is possible it had started or been present before actual delivery to Mr. Stokes and not noticed. **It could have been a small crack that ran during the time it was set up for transport or during travel from movement which could not have been prevented.  It is not something that should be attributed to the transport of the RV but to the actual build of the RV itself.**  Fiberglass cracks will run if not pinned when they start.  The crack is a symptom of the issue from the framework behind the wall.

---

[1] He reserved his views on the cause of water tank leakage issues.

DEFENDANT RV TRANSPORT INC.'S MOTION FOR SUMMARY JUDGMENT- 3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

(Ex. D at 11-12 (emphasis added).)

**C.    The Bill of Lading.**

The bill of lading Stokes executed is attached as **Exhibit A**.  It is a single-page, double-sided carbon-copy document with four provisions critical to this case.  First, Stokes literally signed over the release language at issue, which states:

> RECEIVED the above described property in good condition except as noted and agree to the contract terms and conditions of this Bill of Lading.   NOTICE: THIS IS A RELEASE TO CARRIER FOR ALL DAMAGES AND SHORTAGES UNLESS NOTED HEREON.

Directly below is a space reserved for the consignee to note damage reserved from the release. It is blank.  (Exhibit A at 1.)

Second, the bill of lading included the following limitations of liability:

> Note 1: The carrier shall not be liable for any special, incidental, or consequential damages, including but not limited to loss and/or damage (1) to contents or other personal effects in the described property; (2) to windshields and other windows of the described property; (3) resulting from road chips, wind, hail, or other adverse weather and/or road conditions; (4) resulting from concealed or pre-existing conditions; (5) from the cost of the rental or placement substitute, or additional vehicle of any type; and (6) flat tires, tire failure of any kind or resulting therefrom.
>
> Note 2: [Relates to Acts of God, omitted].
>
> Note 3: Unless a greater value is declared in writing on this bill of lading, shipper hereby declares and agrees that the released value of the property described herein does not exceed $20,000 and understands that carrier will not be liable for any loss and/or damage to the described property in excess of this amount unless [the shipper declares it in writing, the carrier agrees, and additional shipping costs are paid].

The agreed or declared value prompt on the bill of lading was also left blank.  (Exhibit A at 1.)

The bill of lading included two additional pertinent provisions.  First, it included a liability limitation that "except in the case of negligence of the carrier or party in possession, the carrier or party in possession shall not be liable for loss, damage or delay which results: * * * from a defect or inherent vice in the property."  (Exhibit A at 2.)  Second, it provided that "claims for loss or damage must be filed within ninety (90) days after the delivery of the property," must be made in accordance with federal regulations governing such claims, and that filing a timely

DEFENDANT RV TRANSPORT INC.'S MOTION FOR
SUMMARY JUDGMENT- 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

written claim was a precondition to recovery and suit.  (Exhibit A at 2 ("Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier shall be liable, and such claims will not be paid.").)

### III. <u>LEGAL STANDARD</u>

A court must grant summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The burden of showing no genuine issue of material fact exists lies with the moving party.  *Celotex Corp. v. Catrett, Inc.*, 477 U.S. 317, 322-23 (1986).  Where it does not have the burden of proof, the moving party need only show the absence of evidence to support the non-moving party's case.  *Id.* at 325.

A non-moving party must set forth specific facts demonstrating the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)).  A "non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment."  *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009).  "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Arguments based on conjecture or speculation are insufficient."  *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016) (internal citations and changes omitted).

### IV. <u>ARGUMENT</u>

**A.     Stokes's Pleaded Claims Are Preempted by the Carmack Amendment.**

RV Transport Inc. is an interstate motor carrier whose liability for cargo carriage is governed by the Carmack Amendment.  49 U.S.C. § 14706.  "The Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property."  *Hall v. N. American Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007).  Both shippers and consignees are bound by it.  S*ee, e.g., Pacific Indem. Co. v. Atlas Van Lines, Inc.*, 642 F.3d 702, 705 (9th Cir. 2011) (applying Carmack without comment to claim by owners of home goods cargo); *Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1136 (C.D. Cal. 2002) ("Congress intended the Carmack Amendment to be the sole remedy for property lost or damaged during shipment.").  The Carmack Amendment preempts all state-law causes of action seeking

DEFENDANT RV TRANSPORT INC.'S MOTION FOR
SUMMARY JUDGMENT- 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1   relief for alleged "delay, loss, failure to deliver or damage to property" in interstate carriage.

2   *Hall*, 476 F.3d at 687-89.

3          Here, plaintiff asserts negligence, breach of contract, violations of state auto dealer laws,

4   UCC claims, consumer protection act claims, a state law claim against a surety bond, rescission,

5   and breach of warranties as causes of action. (*See* Compl. ¶¶ 5.1-5.52.) Plaintiff does not directly

6   name RV Transport as responsible or liable under any of those causes of action. But under the

7   facts alleged the only conceivable basis for RV Transport being included as a defendant is to

8   press a claim that it damaged the RV during transport. That can only be a Carmack claim, and

9   all of plaintiff's pleaded claims are preempted.

10         Plaintiff has asserted some of his claims might survive preemption. (ECF No. 19 at 2.)

11  None do. Carmack "completely preempts state law claims alleging delay, loss, failure to deliver

12  and damage to property." *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008).

13  "[O]nly claims based on *conduct* separate and distinct from the delivery, loss or, or damage to

14  goods escape preemption." *Id.* at 585 (emphasis in original). In *White* an intentional infliction

15  of emotional distress claim "based solely on the same conduct giving rise to" a preempted

16  property damage claim was held preempted. *Id.* at 586. Applying *White,* the Eastern District of

17  Washington held in *Williams v. Quality Services Moving* that a plaintiff's intentional infliction

18  of emotional distress and Washington Consumer Protection Act claims against a mover were not

19  preempted by Carmack because they arose out of post-delivery conduct distinct from the carriage

20  process such as "cancel[ing] Plaintiffs' delivery because Plaintiffs refused to sign their settlement

21  agreement and refused to remove a negative online review" and "providing false responses to

22  Plaintiffs' complaints to Plaintiffs' BBB complaint [sic], to make it appear to the BBB that they

23  were justified in withholding Plaintiffs' belongings." Case No. 4:19-cv-5075-RMP, 2020 WL

24  5745813, *4 (E.D. Wash. Aug. 5, 2020). Here, there are no such allegations and no such

25  evidence. (*See* Complaint ¶¶ 5.24-5.32.) Stokes's interaction with the carrier occurred at the

26  time of delivery.

27         Because every claim Stokes pleaded is preempted by the Carmack Amendment, RV
    Transport is entitled to judgment on all pleaded claims as a matter of law.

**B.    The Court Should Dismiss Stokes's Action Against RV Transport With Prejudice
        and Deny Any Request to Replead.**

       The Court should not permit Stokes to amend and plead a Carmack claim after dismissal

DEFENDANT RV TRANSPORT INC.'S MOTION FOR
SUMMARY JUDGMENT- 6

of his state-law claims.  RV Transport removed on the basis of Carmack jurisdiction and plaintiff conceded subject matter jurisdiction on a Carmack basis in November 2020.  (ECF No. 19.)  The preemption of Stokes's claims is not a debatable point, and he had seven months to fix them by amendment.  The deadline to amend pleadings passed on June 17, 2021, and should be enforced.  (ECF No. 28.)

Even if the deadline for amended pleadings had not passed, repleading should be denied here as futile.  *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).  Stokes cannot prevail on those claims as a matter of law because they are barred by the terms and release in the bill of lading.  The Court should not prolong this action by permitting repleading of a futile claim.

**1.     The bill of lading is enforceable against Stokes.**  There is no dispute Stokes executed the bill of lading issued by RV Transport at the time of delivery.  A motor carrier must issue a bill of lading for property it receives for carriage.  49 U.S.C. § 14706(a)(1); 49 C.F.R. Part 373.  Stokes asserts he did not read the bill of lading before signing it.  This does not excuse him from enforcement of its terms.  It is a bedrock principle that a person is bound by a written contract he signs absent special circumstances.

> It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained.  If this were permitted, contracts would not be worth the paper on which they are written.  But such is not the law.  A contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission.

*Upton v. Tribilcock*, 91 U.S. 45, 50 (1875).  The same principle applies in state law.  *See, e.g.*, *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019) ("Washington does not allow parties to shirk contract obligations if they had actual or constructive notice of the provisions"); *Torrance v. Aames Funding Corp.*, 242 F. Supp. 2d 862, 869 (D. Or. 2002) (noting that under Oregon law "[a] party's failure to read a contract is no defense to enforcement of the contract absent special circumstances").

RV Transport contests Stokes's allegations and testimony as to the events upon delivery.  But even on his facts the bill of lading binds him.  A reasonable person reads the documents they sign and a reasonable person inspects delivered cargo for damage before signing documents releasing claims.  The law enforces contracts on those standards.  Nothing in Stokes's testimony changes the equation—although he asserts the driver represented the bill of lading as a delivery

DEFENDANT RV TRANSPORT INC.'S MOTION FOR
SUMMARY JUDGMENT- 7

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

receipt "had he bothered to read the [bill of lading] before signing it, he would no doubt have understood its meaning and purpose." *Morta v. Korea Ins. Corp.*, 840 F.2d 1452, 1457-58 (9th Cir. 1988). No jury could find Stokes's account of the drivers' statements to constitute "coercion or undue persuasion" forcing him to execute the bill of lading without reading it. *Morta*, 840 F.2d at 1458 (quoting 66 Am.Jur.2d Release § 15, at 691 (1973); *see id.* (citing approvingly to *Sanger v. Yellow Cab Co. Inc.*, 486 S.W.2d 477, 481 (Mo. 1972), where the Missouri Supreme Court enforced a release where the signatory "thought he was signing a receipt.")).

The bill of lading is enforceable against Stokes. It entitles RV Transport to summary judgment because (1) Stokes was required to submit a written damage claim to RV Transport as a precondition to suit, and did not; (2) Stokes expressly released RV Transport of any damage claims; and (3) Stokes's own expert asserts the crack-and-bulge defect is attributable to the nature of the RV and not its transport.

**2.      A Carmack claim is barred because Stokes never filed a written claim for damage with RV Transport.** The bill of lading provides that "[a]s a condition precedent to recovery, claims for loss or damage must be filed within ninety (90) days after the delivery of the property." (Ex. A at 2.) "Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier shall be liable, and such claims will not be paid." (*Id.*) Federal law sets the minimum requirements for the filing of damage claims and precludes carriers from paying for loss or damage without such a claim, including making a timely claim and asserting an amount certain in loss. 49 C.F.R. §§ 370.1, 370.3(a). Regulations require claims be made by "written communication from a claimant, filed with a proper carrier within the time limits specified in the bill of lading or contract of carriage or transportation." 49 C.F.R. § 370.3(b). After receipt of a claim a carrier has 120 days to investigate and "pay, decline, or make a firm compromise" on the claim. 49 C.F.R. § 370.9(a).

Stokes did not file a written damage claim with RV Transport before filing this suit (or thereafter). To obtain relief under Carmack he was required to do so. *New York Marine & Gen. Ins. Co. v. Estes Express Lines, Inc.*, 719 F. App'x 691, 692 (9th Cir. 2018) (citing *Ins. Co. of N. America v. G.I. Trucking Co.*, 1 F.3d 903, 905–06 (9th Cir. 1993).) The bill of lading's written claim requirement bars a Carmack claim against RV Transport and repleading that claim would be futile.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

**3.      Stokes released RV Transport of any liability for transport damage at the time of delivery.**  Stokes's signature literally appears over the words "RECEIVED the above described property in good condition except as noted and agree to the contract terms and conditions of this Bill of Lading.  NOTICE: THIS IS A RELEASE TO CARRIER FOR ALL DAMAGES AND SHORTAGES UNLESS NOTED HEREON." (Exhibit A at 1.)  Stokes had the opportunity to note damage exempted from that waiver and did not do so.  His release is enforceable and dispositive.  *Morta*, 840 F.2d at 1457 ("Morta alleges that he did not read the release and was mistaken about its contents.  That mistake is inadequate to justify rescinding the release, however, because it was 'caused by the neglect of a legal duty on the part of the person making the mistake.'")  Stokes released RV Transport of any liability for damage the RV incurred during transport and a repleaded Carmack claim would be futile.

**4.      Stokes's expert witness testified that preexisting condition or inherent vice was the cause of the crack and bulge.**  The Bill of Lading excludes liability for damage "resulting from concealed or pre-existing conditions" and from a "defect or inherent vice in the property" being carried.  (Ex. A at 1-2.)  Even absent those terms "the inherent vice or nature of the goods" is a defense to cargo damage claims under the Carmack Amendment.  *Missouri Pac. R. Co. v. Elmore and Stahl*, 377 U.S. 134, 138 (1964).

Here, Stokes's own expert witness attributes the cause of the crack and bulge to the inherent nature of the RV, asserting that "[i]t could have been a small crack that ran during the time it was set up for transport or during travel *from movement which could not have been prevented.  It is not something that should be attributed to the transport of the RV but to the actual build of the RV itself * * *.*  The crack is a symptom of the issue from the framework behind the wall." Ex. D at 6-7 (emphasis added).)  This testimony is unequivocal—plaintiff's own evidence is that if the RV was damaged during carriage that damage resulted from the nature of the cargo itself.  This theory fits squarely within the bill of lading's liability limitations and the Carmack Amendment's inherent vice defense and precludes liability by RV Transport.  For this additional reason a repleaded Carmack claim would be futile.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## V. **CONCLUSION**

Stokes's claims are preempted and the Carmack claim he should have pleaded long ago is barred by the bill of lading that binds him.  The Court should grant this motion and dismiss all claims against RV Transport with prejudice and without leave to replead.

DATED:  August 13, 2021

LANE POWELL PC

By    s/  Hans N. Huggler
        Sean D. Jackson, WSBA No. 33615
        E-mail:  jacksons@lanepowell.com
        Hans N. Huggler, WSBA No. 51662
        E-mail:  hugglerh@lanepowell.com
        1420 Fifth Avenue, Suite 4200
        PO Box 91302
        Seattle, WA 98111-9402
        Telephone: 206.223.7000
        Facsimile: 206.223.7107
Attorneys for Defendant RV Transport Inc.

DEFENDANT RV TRANSPORT INC.'S MOTION FOR
SUMMARY JUDGMENT- 10

1

2

## CERTIFICATE OF SERVICE

3

I hereby certify that on August 13, 2021, I caused to be electronically filed the foregoing

4

with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a

5

Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the

6

CM/ECF system.   The NEF for the foregoing specifically identifies recipients of electronic

7

notice.   I hereby certify that the foregoing document was sent to the following CM/ECF

8

participants:

9

10

11

12

Eugene N. Bolin, Bar No. 11450
Law Offices of Eugene N. Bolin, Jr., PS
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
E-mail:  eugenebolin@gmail.com
Phone:  425.582.8165
        *Attorney for Plaintiff*

William T. Cornell, Bar No. 18867
PREG O'DONNELL & GILLETT PLLC
901 Fifth Avenue, Suite 3400
Seattle, WA  98164
E-mail:  wcornell@pregodonnell.com
Phone:  206.287.1775

A. Elizabeth Esfeld, Bar No. 55895
PREG O'DONNELL & GILLETT PLLC
222 SW Columbia St., Suite 650
Portland, OR  97201
E-mail:  aesfeld@pregodonnell.com
Phone:  503.224.3650
*Attorneys for Defendants Annie's RVS, LLC
and Ann White*

13

14

15

16

17

18

19

20

21

William Kiendl, Bar No. 23169
Peter Steilberg, Bar No. 22190
Merrick, Hofstedt & Lindsey, P.S.
3101 Western Avenue, Suite 200
Seattle, WA  98121-3017
E-mail:  pnierman@mhlseattle.com
Phone:  206.682.0610
*Attorney for Defendant Forest River, Inc.*

Paul K. Friedrich, Bar No. 43080
Williams Kastner
601 Union Street, Suite 4100
Seattle, WA 98101-2380
E-mail:  pfriedrich@williamskastner.com
Phone: 206.233.2979
*Attorney for Defendant Western Surety
Company*

22

Executed on the 13th day of August 2021.

23

24

s/  Hans N. Huggler
Hans N. Huggler, WSBA No. 51662
Attorney(s) for Defendant RV Transport Inc.

25

26

27

CERTIFICATE OF SERVICE