1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL A. STOKES,

                Plaintiff,

   v.

ANNIE'S RVS LLC, et al.,

                Defendants.

CASE NO. C20-5974 BHS

ORDER

13    THIS MATTER is before the Court on the following motions: Defendant RV

14 Transport, Inc.'s Motion for Summary Judgment, Dkt. 35; Defendants Annie's RVs LLC

15 and Ann White's Motion for Partial Summary Judgment, Dkt. 44; Defendant Forest

16 River, Inc.'s Motion for Summary Judgment, Dkt. 50; and Defendants Annie's RVs and

17 White's Motion for Extension of Time to Complete Discovery and to Compel Inspection

18 of RV, Dkt. 65.

19    **I.   BACKGROUND**

20    Plaintiff Randall Stokes began looking for a late model, but used, Recreational

21 Vehicle in late spring 2020. He visited Defendant Annie's RVs in Vancouver,

22 Washington several times and located a previously-owned 2018 Forest River Cardinal

1  5th Wheel. Dkt. 44 at 2. The advertised price was $49,900, and the RV was sold "As Is,"

2  though the price also included a five-year service contract. Dkt. 57, Exs. A, B, C, at 6–14.

3      Annie's RVs is not a Forest River Dealer. It sells used RVs, and it had purchased

4  the previously-sold Forest River RV "as is" at an auction in May 2020. Dkt. 44 at 2

5  (citing Dkt. 45, Decl. of Ann White ("White Decl.")); *see also* Dkt. 57, Ex. F, at 39–40.[1]

6  The Forest River RV originally came with a one-year manufacturer's limited warranty,

7  which applied only to the first purchaser. Defendant Forest River asserts and

8  demonstrates that the RV was first purchased by Terri Tennison in Colorado on

9  November 5, 2018, and that its warranty therefore expired November 5, 2019, by its own

10  terms. Dkt. 50 at 2 (citing Dkt. 52-2). The RV had been inspected prior to the auction.

11  Dkt. 57 at 39–40. Annie's RVs also had the RV inspected by a third party after it

12  purchased it, Dkt. 57 at 42–49, and claims that the deficiencies noted in that inspection

13  were addressed and repaired. Dkt. 44 at 2–3 (citing Dkt. 57, Ex. H, at 51–52).

14      Stokes "very carefully" inspected the RV three times on Annie's lot before he

15  purchased it, including a three-hour inspection with Ann White. Dkt. 46, Dep. of Randall

16  A. Stokes ("Stokes Dep.") at 44:4–52:20. Stokes purchased the "used" RV on June 12,

17  2020. Dkt. 52-3. Annie's provided Stokes with a third-party service contract issued by

18  Defendant United States Warranty E.S.P.

19

20

21      [1] White's initial Declaration in support of Annie's RVs' summary judgment motion, Dkt. 45, did not include some of the exhibits described in it. Those omissions were corrected in White's Supplemental Declaration, Dkt. 57. White demonstrates that each of the exhibits was

22  produced in discovery. Dkt. 59 at 5.

The RV was delivered from Annie's lot to Stokes by Defendant RV Transport on June 23, 2020. Sometime after he received the RV, Stokes noticed a crack or bulge on an exterior wall. He claims that the leveling system does not work and that he has since learned that the RV was manufactured using wood treated with formaldehyde. He has also discovered various other defects in the RV, including defects in systems, a propensity for mold and mildew, and a recommendation (in the owner's manual) that it not be used for prolonged or full-time occupancy.

On August 31, 2020, Stokes sued the seller, Annie's; the owner of Annie's, Ann White; the transporter, RV Transport; the manufacturer, Forest River; the lender he used to make the purchase, Red Canoe Credit Union (claiming it is liable as the holder of his promissory note); the service contract company, United States Warranty; and Annie's surety, Western Surety Co. Dkt. 1-2.

Stokes's Complaint asserts the following claims: (1) negligence against Annie's and Forest River; (2) breach of contract against Annie's and Forest River for breaching the purchase and sale agreement and the warranty; (3) violation of the Auto Dealers Act ("ADA"), RCW Ch. 46.70, against Annie's and Forest River; (4) violations of the Uniform Commercial Code's implied warranty of merchantability, RCW 62A.2-314, against Annie's and Forest River; (5) a vicarious liability claim against Annie's for the acts of its employees; (6) violations of the Washington Consumer Protection Act, RCW Ch. 19.86, against Annie's and Forest River; (7) a CPA claim against White personally for ratifying her company's violations of the CPA; (8) a "Holder Rule" claim against Red Canoe, alleging that it is liable to him for any judgment he obtains against Annie's; (9) a

1   surety bond claim against Annie's surety, Western Surety; (10) a rescission claim,

2   seeking to unwind the transaction; and (11) a breach of warranty claim against Forest

3   River. Dkt. 1-2 at 17–28. Stokes has since voluntarily dismissed his claims against

4   Defendants Red Canoe, Dkt. 23, and United States Warranty E.S.P., Dkt. 24.

5       Stokes sued in Clark County Superior Court, and RV Transport removed the case

6   here based on Stokes' claim that it damaged the RV during transport. Dkt. 1. It alleges

7   that the "Carmack Amendment," 49 U.S.C. § 14706, is the exclusive cause of action for

8   claims arising from interstate cargo transport and that it preempts Stokes' state law

9   claims. Dkt. 1.

10      RV Transport seeks summary dismissal of all Stokes' state law claims based on

11  this preemption. Dkt. 35. Annie's seeks partial summary judgment, asking the Court to

12  dismiss Stokes' ADA claim and both iterations of his CPA claim against it. Dkt. 44.

13  Annie's and White also ask the Court to extend the discovery deadlines to permit them to

14  again inspect the subject RV. Dkt. 65. Forest River seeks summary judgment on Stokes'

15  claims against it, arguing that its warranty extended only to the original purchaser, and

16  that the formaldehyde and condensation/mildew issues were disclosed to him in the

17  owner's manual—which he concedes he did not read. Dkt. 50 at 4 (citing Dkt. 52-4).

18      The issues are addressed in turn.

19                          **II.   DISCUSSION**

20  **A.   Summary Judgment Standard**

21      Summary judgment is proper if the pleadings, the discovery and disclosure

22  materials on file, and any affidavits show that there is "no genuine dispute as to any

ORDER - 4

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence

in the light most favorable to the nonmoving party and draw all reasonable inferences in

that party's favor. *Anderson Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986) (emphasis

added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of

material fact exists where there is sufficient evidence for a reasonable factfinder to find

for the nonmoving party. *Anderson* at 248. The inquiry is "whether the evidence presents

a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." *Id.* at 251–52. The moving party bears the

initial burden of showing that there is no evidence which supports an element essential to

the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is no

requirement that the moving party negate elements of the non-movant's case. *Lujan v.*

*National Wildlife Federation*, 497 U.S. 871 (1990). Once the movant has met this burden,

the nonmoving party then must show that there is a genuine issue for trial. *Anderson* at

250. If the nonmoving party fails to establish the existence of a genuine issue of material

fact, "the moving party is entitled to judgment as a matter of law." *Celotex* at 323–24.

**B.      RV Transport's Motion for Summary Judgment is Granted.**

RV Transport seeks summary judgment on Stokes' claims against it, arguing that

Stokes accepted the RV and signed a bill of lading releasing such claims on delivery, and

that he has no evidence supporting the conclusion that the "crack" or "bulge" in the RV's

wall was caused by RV Transport, or that it occurred during or because of that transport.

Dkt. 35. It reiterates that the Carmack Amendment preempts all of Stokes' state law

claims. Dkt. 35 at 5–6 (citing 49 U.S.C. § 14706). Stokes did not plead such a claim, and he has not sought to do so since the case was removed. The deadline for amending pleadings has long since passed. *Id*. at 7.

Stokes has not responded to the motion. For the reasons articulated in the motion, Stokes' state law claims are preempted by the Carmack Amendment. Stokes also released RV Transport in the bill of lading, and there is no evidence that RV Transport damaged Stokes' RV. RV Transport's motion for summary judgment, Dkt. 35, is GRANTED and Stokes' claims against it are DISMISSED with prejudice.

**C.    Annie's RVs' Motion for Partial Summary Judgment is Granted.**

Annie's RVs seeks summary dismissal of Stokes' ADA claim, arguing that there is no evidence that Annie's RVs or White made a false, deceptive, or misleading advertisement to the public, or any such statement to Stokes. Dkt. 44. Stokes alleges that Annie's violated the ADA, and that this violation is a per se violation of the CPA as well.

The ADA prohibits vehicle dealers from making false statements about the vehicles they sell, including:

(a) That no down payment is required in connection with the sale of a vehicle when a down payment is in fact required, or that a vehicle may be purchased for a smaller down payment than is actually required;

(b) That a certain percentage of the sale price of a vehicle may be financed when such financing is not offered in a single document evidencing the entire security transaction;

(c) That a certain percentage is the amount of the service charge to be charged for financing, without stating whether this percentage charge is a monthly amount or an amount to be charged per year;

(d) That a new vehicle will be sold for a certain amount above or below
cost without computing cost as the exact amount of the factory invoice
on the specific vehicle to be sold; or

(e) That a vehicle will be sold upon a monthly payment of a certain amount,
without including in the statement the number of payments of that same
amount which are required to liquidate the unpaid purchase price.

RCW 46.70.180(1).

Annie's argues that Stokes alleges only that the RV was sold "as is" and that

White failed to disclose defects in the RV of which she was aware, and which he only

discovered after he purchased it. It argues there is no evidence to support these

conclusory claims, and there is no evidence that Annie's made any false, misleading, or

deceptive statement to the public. Annie's argues that Stokes testified he purchased the

RV based on his own inspection and knowledge and only later testified he also saw a

"flyer" for the RV on Annie's website, referencing the only public advertisement Annie's

made for the RV:

**2018 Cardinal 3920**
**41" 5th Wheel 5 Slides**
**5yr Service Contract**
**Price $49,900**

Fantastic Living Area with 5 Slides, Island Kitchen, Theater Style Seating with Heat and
Massage, 2 Leather Sofa Sleepers, Queen Size Bedroom Suite with Excellent Storage,
Washer/Dryer Prep, 1,200 Watt Inverter, 5 Year Service Contract and Much More!

Dkt. 44 at 12 (citing Dkt. 57 at 16).

Stokes' response argues that White's claim that she did not know of any defect in

the RV she sold to him is "perjury." *See, e.g.*, Dkt. 54 at 2. This claim is based on his

own deposition, where he describes the defects in "excruciating detail." *Id*. That is at

1   most proof that Annie's learned *after* the sale, and the lawsuit, that Stokes claims there

2   are defects; it is not proof that White is lying about knowing of the defects when she sold

3   Stokes the RV.

4        Stokes also argues that he has learned in discovery that the RV was "plagued" by

5   the same defects of which he complains, prior to his purchase. To demonstrate this, he

6   attaches several warranty claims submitted by the original purchaser, Terri Tennison of

7   Greeley, Colorado, to a Forest River Dealer in Loveland, Colorado. Dkt. 54 at 5 (citing

8   Dkt. 54-1 at 2–15). These records reflect that the Colorado Forest River dealer repaired

9   several problems with the RV under the original warranty. Stokes does not allege, much

10  less demonstrate, that Annie's knew of these prior repairs when it sold the RV to him.

11       Stokes also claims that he was in fact the first and original purchaser, thus entitling

12  him to make a warranty claim under the Forest River Warranty. *Id*. at 3. He disputes that

13  Tennison purchased the RV, asserting there are "no documents"[2] reflecting that fact. This

14  claim is puzzling, if not nonsensical: the documents he relies upon to demonstrate that the

15  defects pre-dated his purchase simultaneously demonstrate that Terri Tennison made

16  warranty claims about them, under the Forest River Warranty, at a Forest River Dealer in

17  Colorado. One can only conclude that Tennison was the original purchaser. *See also*

18  _____

19       [2] Stokes' already dubious claim that he is entitled to enforce Forest River's Warranty
    because he was the "original purchaser" is undermined entirely by the fact that he has also
    submitted the Declaration of Terri Tennison which affirmatively testifies: **"I purchased the**
20  **Forest River Cardinal Explorer new in November 2018."** Dkt. 63 at 2 (emphasis added). This
    is yet another "document" demonstrating that Tennison was the original purchaser. Stokes has
21  not retracted his accusation that White and Forest River "invented" the story about there being a
    prior purchaser in a conspiratorial effort to avoid warranty obligations to him, the original owner.
22  *See* Dkt. 55, Decl. of Randall Stokes ("Stokes Decl."), at 2.

Tennison's Colorado Certificate of Title, Dkt. 52-2. In any event, Stokes bought the two-year-old RV from a used RV sales lot, acknowledged that it was used and not subject to the original warranty, and registered it as a used vehicle. His claim that he is the original purchaser is false as a matter of law.

The bulk of the remainder of Stokes' Response to Annie's motion asserts that Forest River's warranty "failed of its essential purchase," and seems to argue that Annie's violated the ADA and thus the CPA by failing to complete repairs under the Forest River Warranty "within a reasonable time." *See* Dkt. 54. But that warranty does not apply to Stokes. He was not the original purchaser as a matter of law; he purchased the RV used and "as is." There is no allegation and no evidence that Stokes ever sought to have repairs completed under the third-party service contract he purchased from Annie's, even though he has sued that third party. And, in any event, Stokes sued barely two months after he accepted delivery of the RV. Annie's asserts without rebuttal that Stokes would not permit it to inspect the RV prior to the lawsuit.

There is no evidence in the record from which a reasonable trier of fact could determine that Annie's made false statements to the public or to Stokes about the condition of the RV it sold to him. There is no evidence that White had knowledge superior to Stokes' knowledge at the time of the sale. There is no evidence supporting Stokes' ADA claim against Annie's.

Stokes' CPA claim (which largely depends on his ADA claim) similarly fails as a matter of law. The only "false or deceptive" act he alleges is that White or someone else at Annie's told him there was time remaining on the original Forest River Warranty.

ORDER - 9

Stokes Decl. at 3. Annie's argues and demonstrates that that testimony conflicts with

Stokes' deposition testimony, where he confirmed that he was purchasing only the third-

party service contract, not the Forest River Warranty. Dkt. 59 at 11. "[A] party cannot

create an issue of fact by an affidavit contradicting his prior deposition testimony."

*Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v.*

*Arcata Assocs.*, 772 F.2d 1453, 1462 (9th Cir. 1985)).

Annie's motion for partial summary judgment is GRANTED, and Stokes' ADA

and CPA claims against Annie's RV and Ann White are DISMISSED with prejudice.

**D.   Forest River's Motion for Summary Judgment is Granted.**

Forest River seeks summary judgment on all of Stokes' claims against it, based

primarily on the fact that Forest River has no contractual relationship, warranty or

otherwise, with Stokes. Dkt. 50.

Stokes concedes the dismissal of his negligence and breach of contract claims

against Forest River, Dkt. 62 at 3, and those claims are DISMISSED with prejudice.

Stokes asserts that Forest River violated the ADA and with it the CPA, based on his

claim that Forest River did not adequately disclose to its customers the presence of

formaldehyde in the RV, that it has a propensity for mold, or that living in the RV full

time voids the warranty. Stokes argues that, at a minimum, Forest River should post such

warnings and notices on its RVs. Dkt. 62 at 4–5. He argues that the gist of his claim is

that like his "predecessor," Tennison, he did not get what he believed he was buying—an

RV that he would live in full-time. *Id*. at 6 (quoting *Testo v. Russ Dunmire Oldsmobile*,

16 Wn. App. 39, 51 (1976) ("Failure to reveal a fact which the seller is in good faith

1    bound to disclose may generally be classified as an unfair and deceptive act due to its

2    inherent capacity to deceive[.]")).

3        Forest River replies that both the owner's manual and the warranty disclose these

4    alleged defects. Dkt. 64. Stokes apparently did not obtain the owner's manual from

5    Annie's (though it is available online) and concedes he did not read it. He complains at

6    length that the warranty's exclusions for full-time occupancy and for inadequate

7    maintenance are insufficient, but that argument ignores the unavoidable legal conclusion

8    that he was not a party to Forest River's warranty; it had expired when he purchased the

9    RV, as he acknowledged at the time of purchase. *Id.* at 3.

10        Forest River did not sell the RV to Stokes, and his reliance on *Testo* and cases like

11   it for the proposition that a seller has a duty to disclose defects to an unsuspecting buyer

12   is misplaced. Testo sued the dealership that sold him the used Camaro, Russ Dunmire

13   Oldsmobile, not the manufacturer, General Motors. *Testo*, 16 Wn. App. at 41. Forest

14   River was not a party to Stokes' purchase of the RV, and it made no representations to

15   him whatsoever. Stokes' complaints about the warranty's exclusions are of no moment;

16   Stokes has no contract or warranty-based claim against Forest River as a matter of law.

17   He has cited no analogous case holding that a manufacturer owes a remote purchaser a

18   duty to post notices or warnings on the vehicle, rather than describe them in the owner's

19   manual and the warranty.

20        Forest River's Motion for Summary Judgment, Dkt. 50, is GRANTED, and all of

21   Stokes' claims against it are DISMISSED with prejudice, and the Clerk shall terminate

22   Forest River as a Defendant.

**E.      Annie's RVs' Motion to Extend Discovery and to Inspect the RV is Granted.**

Annie's seeks leave to inspect the subject RV a second time, arguing that it was unable to inspect each of Stokes' long list of deficiencies, including the leveling system and the allegedly defective battery, which Stokes removed prior to the inspection. Dkt. 65.

Stokes opposes the request as untimely. He argues that Defendants have deposed him twice and inspected the RV once and that it is their fault they could not adequately and timely inspect the RV. He does not address the missing battery, and he does not persuade the Court that such an inspection would be prejudicial. Dkt. 67.

The Motion for an Extension of the discovery deadline to permit a short re-inspection of the RV, Dkt. 65, is GRANTED. Stokes should make the RV available at a mutually convenient time and have the RV's battery in place and charged prior to the inspection. The Court will not award fees or otherwise assess the cost of the second inspection on defendants.

Annie's RVs' recently filed motion for a trial continuance, Dkt. 70, will be addressed in a separate Order.

IT IS SO ORDERED.

Dated this 15th day of February, 2022.

_____
BENJAMIN H. SETTLE
United States District Judge